UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BROOKS<br><br>         Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>         Defendant. | No.  EDCV 09-1751 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Christopher Brooks ("Brooks") filed a Complaint on September 25, 2009. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on October 16 and November 3, 2009.  (Dkt. Nos. 8, 9.)  On June 3, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

**I.**

**PROCEDURAL BACKGROUND**

On March 16, 2005, Brooks filed an application for disability insurance benefits. Administrative Record ("AR") 12.  He alleged a disability onset date of February 18, 1990.  *Id.*  The application was denied initially and upon reconsideration.  *Id.*  Brooks

requested a hearing before an Administrative Law Judge ("ALJ"). AR 58. On April 9, 2007, the ALJ conducted a hearing, via videoconference, at which Brooks and a vocational expert testified. AR 615-24. On July 25, 2007, the ALJ issued a decision denying benefits. AR 12-18. On August 2, 2007, Brooks requested that the Appeals Council review the decision denying benefits. AR 7-8. On July 16, 2009, the Appeals Council denied the request for review. AR 4-6. This action followed.

## II.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national

economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Brooks meets the insured status requirements through December 31, 1995. AR 14. Through the date last insured, Brooks had the medically determinable severe impairment of history of throat cancer. *Id.* He had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: no prolonged or extensive speaking and no work around concentrations of dust or fumes." AR 15. The ALJ found that Brooks was not able to perform his past relevant work as a mechanic, but there were jobs that existed in significant numbers in the national economy that Brooks could have performed, such as an office helper, assembler, and sandwich maker. AR 16-17.

### C. VA Disability Rating

Brooks argues that the ALJ erred at step two of the sequential analysis and in his RFC assessment by failing to consider his veterans disability ratings and opinions.

The Certified Administrative Record contains a opinion from the Board of Veterans' Appeals ("Board") dated October 16, 2006. AR 19-30. The opinion was stamped received by the SSA/OHA on March 12, 2007. AR 19. The opinion states that Brooks had active military service from August 1963 until his discharge on April 6, 1970. AR 20, 28. For purposes of disability compensation, the Board stated that the effective date for grant of service connection for pes planus with callosities and hyperkeratosis punctuate plantaris was April 7, 1970. AR 28. With respect to Brooks' request for an initial rating higher than 30 percent for these conditions, the matter was remanded. AR 29-30. In addition, the Board found that service connection for Brooks' low back disorder and right knee disorder as secondary to pes planus was warranted. AR 26-27.

At step two, the ALJ found that Brooks had the severe impairment of history of throat cancer. AR 14. Only a few pages of medical records from the 1970s mention any feet and hand problems, and Brooks was able to work for many years despite those

conditions.  *Id.*  The ALJ found no medical evidence to support a finding of any exertional limitations between the alleged onset date of February 18, 1990 and the date last insured of December 31, 1995.  AR 16.

The ALJ's decision does not mention the Board's opinion in the record or any further proceedings on remand, including the disability ratings for pes planus with callosities and hyperkeratosis punctuate plantaris.  The ALJ erred.  "'[A]lthough a VA rating of disability does not necessarily compel the SSA to reach an identical result, the ALJ must consider the VA's finding in reaching his decision' and the ALJ 'must ordinarily give great weight to a VA determination of disability.'"  *McLeod v. Astrue*, 2011 U.S. App. LEXIS 2346, *8 (9th Cir. Feb. 4, 2011) (citations omitted; footnotes omitted).  "'[B]ecause the VA and SSA criteria for determining disability are not identical,' the record may establish adequate reason for giving the VA rating less weight.  In some circumstances, the VA may assign a partial rather than a total disability rating to a veteran, and a partial disability rating might cut against rather than in favor of an SSA determination that the individual could not perform remunerative work of any kind.'"  *Id.* (footnotes omitted).

The question remains, however, whether the error was harmless.  The Ninth Circuit held that the party attacking the agency's determination has the burden to show prejudice.  *Id.* at *11.  The court derived this standard from *Shinseki v. Sanders*, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009).  *Id.* at *10-*11.  The Ninth Circuit observed that the Supreme Court remanded in *Sanders* even though the claimant had not shown what additional evidence could have been obtained in order to show harm.  *Id.* at *12-*13.  Because some aspects of the record indicated the error was harmless and other aspects indicated the opposite, "[g]iven the uncertainties, we believe it is appropriate to remand this case so that the Veterans Court can decide whether re-consideration is necessary.'"  *Id.* at *14 (quoting *Sanders*, 129 S. Ct. at 1708).  The Ninth Circuit concluded that a "reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error"

and "'whether re-consideration is necessary.'" *Id.* (citations and footnotes omitted). While mere probability is not enough, a substantial likelihood of prejudice is sufficient. *Id.* Applying this standard, the Ninth Circuit ordered remand in *McLeod* given the evidence that the VA made some sort of disability determination that would ordinarily be given great weight. *Id.* at *15. The court further found that "[t]he ALJ's failure to help McLeod develop the record by putting his VA disability determination into the record is 'good cause' under *Tonapetyan*, and the disability determination is 'material' under *McCartey*, so the district court should remand for this purpose." *Id.*

Here, the Board's opinion indicates the VA made a disability rating, from which Brooks appealed for a higher initial rating. AR 29. Although the Board ordered remand on October 16, 2006, the record does not contain the outcome. AR 19, 29-30. It is unclear whether the VA has medical records from the relevant time period that are not in the Certified Administrative Record.

Accordingly, this matter is remanded for proceedings consistent with this opinion. On remand, the ALJ should develop the record by obtaining any VA disability ratings, opinions, and medical records (from facilities identified by Brooks or the VA disability opinions). The ALJ may then reconsider Brooks' claim at step two and, if appropriate, subsequent steps of the sequential analysis. The ALJ is free to reconsider Brooks' credibility in light of the additional evidence.

## IV.

## ORDER

IT IS HEREBY ORDERED that this matter is remanded for further proceedings consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 30, 2011

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge